[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15091
Non-Argument Calendar

_____

D. C. Docket No. 02-00440-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHENARD DEANDRE DUMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 3, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Shenard Deandre Dumas appeals the denial of his motion for a new trial

based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33.

We affirm.

## I. BACKGROUND

A federal grand jury indicted Dumas in 2002 for (1) being a felon in possession of a firearm in and affecting interstate commerce in violation of 18 U.S.C. 922(g)(1) and 924(e)(1), and (2) being a felon in possession of a firearm in and affecting interstate commerce in violation of 922(g)(1) and 924(e)(1). Dumas was charged with knowingly possessing a .40 caliber Walther firearm on August 4, 2002, and on August 18, 2002, in Lakeland, Florida. He previously had been convicted for four separate crimes, each punishable by more than a year in prison. On September 8, 2005, a jury found Dumas to be guilty of both crimes.

Dumas moved for a continuance of his sentencing to have a witness testify, because of a letter that Dumas allegedly received after his conviction. The letter, purportedly from the victim of the August 4, 2002, incident, Joseph McCree, states that Dumas was not his attacker. At his sentencing hearing on December 15, 2005, Dumas stated that he received the letter on November 20, 2002, but that he did not inform his attorney until December 8, 2005. The prosecutor explained that, although McCree did not testify at trial, he told the police that Dumas had attacked

2

him, and he testified in the grand jury proceedings.

The prosecutor called Special Agent Walter Lanier of the Bureau of Alcohol, Tobacco, and Firearms ("ATF") to testify about the investigation into the shootings. He testified that he had interviewed McCree, along with the Lakeland Police, and that he and the prosecution called McCree to appear before the grand jury. Lanier testified that at no point did McCree say that Dumas was not involved in the shooting. Additionally, Lanier testified that McCree picked Dumas out of a photograph lineup. He testified that he also interviewed other witnesses and that all of them said that Dumas was involved. The judge granted the motion for a continuance of sentencing.

When the sentencing hearing resumed on January 30, 2006, the envelope for the letter allegedly absolving Dumas was produced. It was dated December 23, 2005, which was after the previous sentencing hearing, and it was addressed to Feleicia Holmes instead of Dumas. Because of the conflicting testimony, the judge ordered that the victim, McCree, be brought to testify.

At the final sentencing hearing in March 2006, the judge addressed the issues raised by Dumas as to the validity of McCree's prior interviews. McCree testified that he did not know who assaulted him on August 4, 2002; he did not know Dumas; and Dumas was not involved in the assault. Although McCree

3

confirmed the signature on the photograph lineup in which he identified Dumas to the Lakeland Police, he testified that he felt pressured to choose Dumas and that the officer identified Dumas as the man who had shot McCree. McCree then read the transcript of his interview with the Lakeland Police in which he identified Dumas as the holder of the gun. He also read his testimony to the grand jury in which he said that he got a clear look at his attacker, who was Dumas. He stated that he had so testified to the grand jury because he had wanted the ordeal to be over and because he was coerced by the officers. McCree admitted to lying to the grand jury and lying to the Lakeland Police.

The prosecutor showed McCree the letter, and he admitted writing it. He also admitted telling both defense counsel and the ATF that he did not write it, but he stated that he was lying at the time. McCree testified that he has several different handwritings, but he identified the handwritten letter as his. He further testified that he had mailed the letter in November, but that the envelope was not the one that he had sent. He identified the handwriting on the envelope as his, as well as the writing on the letter, even though they were different. The judge then asked McCree if he knew Feleicia Holmes, and McCree said that he did not know who she was, but that he thought she was Dumas's mother. The judge dismissed McCree from the sentencing proceeding and denied Dumas's motion to continue

4

sentencing in order to file a motion for new trial, because the judge determined that Dumas was not telling the truth. On March 3, 2006, the judge sentenced Dumas to 300 months of imprisonment, concurrent as to the two counts and consecutive to his state sentence, followed by 60 months of supervised release.

Dumas timely appealed but challenged only his sentence. We affirmed his sentence. On March 13, 2007, Dumas's counsel filed a motion for a new trial pursuant to Rule 33 and argued that the evidence of McCree's recantation was new and not available until after trial, when McCree testified that he had falsely accused Dumas. Defense counsel further argued that the failure to discover the evidence was not a lack of due diligence but because there was no information that would indicate that McCree would recant his story. The district judge denied Dumas's motion for new trial. The judge explained that Dumas's new evidence was not believable, and, therefore, a jury likely would not credit his testimony and acquit him based on it. Additionally, Dumas had waited over a year to file his motion after discovering the new evidence.[1] Dumas filed a timely notice of appeal from the order denying his motion for a new trial.

## II. DISCUSSION

On appeal, Dumas argues that the district judge should have granted his

---

[1] The motion was filed within three years of the verdict. Fed. R. Crim. P. 33(b)(1).

5

motion for a new trial based on newly discovered evidence. He contends that McCree's testimony was not unbelievable because it was consistent with his own testimony that he was not present at the attack on McCree. He also argues that the newly discovered evidence was not available at the time of his trial in mid-2005 because, prior to trial, the only evidence indicated that McCree would identify Dumas as the assailant, and he had no reason to suspect that McCree would recant. Dumas maintains that he exercised due diligence in learning about McCree's recantation, because he could not have learned about it prior to discovery of the note. Furthermore, the testimony was material to the issue of guilt because, if he was not present at the assault on McCree, then there was no evidentiary basis for finding him guilty of possession of the gun. This testimony was not cumulative or merely impeaching because it exonerated Dumas, and no other similar evidence was submitted. Dumas contends that he probably would have been acquitted on the first count if McCree's testimony had been presented. He further argues that he would have been acquitted on the other count, because McCree would have impeached both of the government's main witnesses.[2]

We review a district judge's denial of a motion for new trial for abuse of discretion. United States v. Tokars, 95 F.3d 1520, 1531 (11th Cir. 1996). Upon a

---

[2] Dumas designated only the motion for new trial in his notice of appeal; therefore, this is the sole issue presented on appeal for our consideration. Fed. R. App. P. 3(c)(1)(B).

defendant's Rule 33 motion, a district judge may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). To merit a new trial based on newly discovered evidence, a defendant must show that: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995). "The failure to satisfy any one of these elements is fatal to a motion for new trial." Id. at 1274. Our circuit "highly disfavor[s]" motions for new trial based solely on newly discovered evidence and grants them "only with great caution." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc). It is the defendant's burden to justify a motion for new trial. Id.

When a defendant knows about a source of evidence and does not investigate it, he does not exercise due diligence. United States v. Thompson, 422 F.3d 1285, 1295 (11th Cir. 2005). In Thompson, an affidavit surfaced that indicated that some of the witnesses at trial were involved in a conspiracy to incriminate the defendant. Id. at 1294. The affidavit was from a girlfriend of one of the witnesses, who was known to the defendant and known to the defendant to be involved in drug trade. Id. The defendant, however, did not interview the

7

affiant because she was in North Carolina, and he was in Florida; we determined that the evidence was discoverable through the exercise of due diligence. Id. at 1295.

We view recantations "with extreme suspicion." United States v. Santiago, 837 F.2d 1545, 1550 (11th Cir. 1988). Incredible testimony can be the basis for denying a motion for a new trial. See United States v. Reed, 887 F.3d 1398, 1404-05 (11th Cir. 1989) (recognizing that a witness's unbelievable testimony can provide the basis for denying a motion for new trial because the outcome probably would not be different). If the evidence is sufficient to uphold the verdict in light of the new evidence, then the outcome is not likely to change and a motion for new trial should be denied. United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995) (noting that evidence that a government witness intended to perjure himself did not lead to the conclusion that the jury would change their minds because there was sufficient other evidence to support the verdict).

The district judge did not abuse her discretion in denying Dumas's motion for a new trial. Dumas failed to demonstrate that he exercised due diligence in attempting to discover the evidence, because McCree was available to be interviewed prior to trial, and he was available to be called as a witness at trial. Even if the recantation could be viewed as newly discovered evidence unavailable

through the exercise of due diligence, the motion for new trial properly was denied

because McCree's testimony was incredible and unlikely to have changed the

verdict,[3] because of the testimony of the other two witnesses who participated with

Dumas in the attack on McCree.

## III. CONCLUSION

Dumas has appealed the denial of his motion for a new trial based on newly

discovered evidence. As we have explained, Dumas failed to meet his burden of

justifying his motion for a new trial. Accordingly, the district judge's denial of his

motion for a new trial is AFFIRMED.

---

[3] McCree's testimony was implausible because he testified that he wrote the letter but that he had lied when he previously said he did not write the letter. R9 at 40-41. He testified that the envelope submitted into evidence was not the one that contained the letter, but it was his handwriting, and it was his address; the envelope was addressed to Feleicia Holmes, whom McCree did not know, and he was never able to say what was in the envelope. Id. at 46-48. He testified that he had several different handwritings and admitted lying to the grand jury, the police, the ATF agents, and defense counsel previously. Id. at 36, 40-41. Accordingly, McCree's testimony did not make sense and likely would not lead a jury to acquit Dumas. See Lee, 68 F.3d at 1274 (determining that new evidence that resulted from a change in story would likely not lead to a different result because the witness would be impeached by his own inconsistences).